UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Denis Mbulih,

Petitioner,

v.

Sheriff Jerry Green, *et al.*,

Respondents.

Case No. 4:26-cv-1909

MEMORANDUM OPINION
AND ORDER

## I. Introduction and Background

On August 13, 2026, Petitioner Denis Mbulih, a Cameroonian citizen, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Respondents Mahoning County, Ohio Sheriff Jerry Green, Attorney General of the United States Todd Blanche, the United States Department of Homeland Security ("DHS"), and United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1). Mbulih has been issued a final order of removal from the United States and previously has been found to be subject to a mandatory detention order. *Mbulih v. Immigr. & Customs Enf't*, No. 4:26-CV-00530, 2026 WL 1429224, at *2 (N.D. Ohio May 21, 2026). He currently is being held in ICE custody at the Mahoning County Jail. (*See, e.g.,* Doc. No. 10 at 4, 5-6).

Mbulih argues his continued detention is unconstitutional and seeks his immediate release from his civil immigration detention. (*Id.* at 21). Magistrate Judge James R. Grimes Jr. reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I dismiss Mbulih's petition. (Doc. No. 8). Mbulih filed objections to Judge Grimes's Report and

Recommendation, (Doc. No. 9), as well as an amended petition, (Doc. No. 10), and a motion for reconsideration of the Report and Recommendation. Respondents filed what they described as a "brief in support of the Report and Recommendation." (Doc. No. 12). And Mbulih subsequently filed a motion for entry of default judgment. For the reasons stated below, I adopt Judge Grimes's Report and Recommendation and dismiss Mbulih's petition without prejudice.

## II. Discussion

As I noted above, Mbulih initially named as Respondents Mahoning County Sheriff Green, Attorney General of the United States Todd Blanche, DHS, and ICE. Judge Grimes recommended I dismiss Mbulih's petition because he failed to name the field officer director of the ICE field office with authority over the district in which the petitioner is detained as a Respondent. (Doc. No. 8 at 5-7).

The United States Court of Appeals for the Sixth Circuit has held that, in petitions filed by noncitizen detainees, the individual with day-to-day control over the detainee – and thus the proper respondent in a § 2241 petition – is the ICE field office director "for the district where a detention facility is located." *Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003). Mbulih did not name an ICE field office director as a Respondent and, therefore, Judge Grimes recommended I dismiss Mbulih's petition for lack of jurisdiction.

In response, Mbulih filed an amended petition naming ICE Field Office Director Robert Lynch as a Respondent. (Doc. No. 10 at 3). But the field office director responsible for ICE detainees in Ohio facilities is not Lynch, but Detroit ICE Field Office Director Kevin Raycraft. *See e.g., Alberto-Alvarenga v. Aumille*, Case No. 3:25-cv-02644, 2026 WL 607956, at *5 (N.D. Ohio Mar. 4, 2026) (identifying Raycraft as the director of the ICE field office responsible for ICE detainees in Ohio); *Gualpa-Lumbi v. Hoover*, No. 4:26-CV-38, 2026 WL 1109358, at *2 (N.D. Ohio Apr. 24, 2026) (same).

Because Raycraft is not a party to this case, I conclude this Court lacks jurisdiction to adjudicate Mbulih's petition. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885)).

## III. CONCLUSION

For the reasons stated above, I overrule Petitioner Denis Mbulih's objections and adopt Magistrate Judge James E. Grimes Jr.'s Report and Recommendation. (Doc. No. 8). I conclude this Court lacks jurisdiction to adjudicate the habeas petition filed by Denis Mbulih, and I dismiss the petition without prejudice. Further, I deny as moot (1) Mbulih's motion to correct deficiencies, for appointed counsel, and for certified administrative records, (Doc. No. 6); (2) his motion for a temporary restraining order and a preliminary injunction, (Doc. No. 7); (3) his motion for reconsideration, (Doc. No. 11); and (4) his motion for default judgment. (Doc. No. 13).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge